J-S37040-21

2022 PA Super 224

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONY BOYD JR. | : | |
| | : | |
| Appellant | : | No. 1007 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 23, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005725-2018

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED DECEMBER 29, 2022**

The present appeal returns to us following the Pennsylvania Supreme Court's decision in **Commonwealth v. Thorne**, 276 A.3d 1192 (Pa. 2022), in which the Court held that constitutional challenges to the lifetime registration requirements of Revised Subchapter H of Pennsylvania's Sexual Offender Registration and Notification Act (SORNA II)[1] implicate the legality of sentencing and, thus, cannot be waived. **See Thorne**, 276 A.3d at 1194, 1198.[2] Consistent with controlling precedent, we remand to the trial court for

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.10-9799.42.

[2] In our initial memorandum decision in the above-captioned matter, **Commonwealth v. Boyd**, 272 A.3d 480, 1007 EDA 2021, unpublished memorandum (Pa. Super. filed January 18, 2022), *appeal granted*, *vacated by* **Commonwealth v. Boyd**, 284 A.3d 121 (Pa. filed August 24, 2022), we
*(Footnote Continued Next Page)*

further proceedings necessary to develop a factual record on the challenges herein presented.

Appellant's constitutional challenges to the application of Revised Subchapter H raise questions of law, as they assert that the registration requirements of Revised Subchapter H are punitive and unduly rely on an irrebuttable presumption that all sex offenders pose a high risk of future dangerousness and reoffending. *See Commonwealth v. Morgan*, 258 A.3d 1147, 1152 (Pa. Super. 2021) ("[w]hen an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law"). As with all questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Lacombe*, 234 A.3d 602, 608 (Pa. 2020).

Appellant's challenges are identical to those raised and addressed in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020). In *Torsilieri*, our Supreme Court observed that the defendant, who, like Appellant, was not deemed an SVP, had presented to both the trial court and our Supreme Court

_____

affirmed judgment of sentence by relying on *Commonwealth v. Snyder*, 251 A.3d 782 (Pa. Super. 2021) (holding constitutional challenges to Subchapter H not properly raised for the first time on appeal are waived). Subsequently, having disavowed *Snyder*'s holding on this issue with its *Thorne* decision, the Pennsylvania Supreme Court entered a *per curiam* order granting Appellant's petition for allowance of appeal, vacating our order affirming judgment of sentence, and remanding this matter for reconsideration in light of *Thorne*. *See Boyd*, 284 A.3d 121.

on direct appeal [3] "colorable constitutional challenges"—accompanied by three expert affidavits—to Revised Subchapter H. Indeed, the trial court declared Revised Subchapter H unconstitutional on the basis of this evidence, and our Supreme Court acknowledged that the record and party briefs submitted on appeal comprised citations to scientific evidence offered by both the defendant and Commonwealth.

Nevertheless, our Supreme Court determined it was "unable to conclude based upon the record . . . before [it] whether [the defendant] had sufficiently undermined the validity of the legislative findings supporting . . . Revised Subchapter H's registration and notification provisions, especially in light of contradictory scientific evidence cited by the Commonwealth . . . ." *Id*. at 585. It then explained why it was unable to declare as a matter of law that Revised Subchapter H is invalid and why remand to the trial court for further development of facts through additional evidence and argument was necessary to consider the defendant's claims:

> It is not the role of an appellate court to determine the validity of the referenced studies based on mere citations rather than allowing the opportunity for the truths to develop through a hearing on the merits of the evidence. Accordingly, a remand is appropriate to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights.

---

[3] The Commonwealth filed a direct appeal to the Pennsylvania Supreme Court, invoking the Supreme Court's jurisdiction over decisions from the Courts of Common Pleas declaring statutes unconstitutional, pursuant to 42 Pa.C.S.A. § 722(7).

. . .

[We] also emphasize that it will be the rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination. We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements.

. . .

Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id*. at 585, 596 (internal citations and quotations marks omitted).[4]

*Torsilieri* is on all fours with the instant appeal, where the parties likewise cite to conflicting scientific studies bearing on the validity of Revised Subchapter H's registration and notification rubric. Because Appellant only developed his constitutional arguments for the first time on appeal, the trial court did not receive evidence and argument relating to the issues raised and

_____

[4] This Court recently rejected claims asserting that we may venture beyond our Supreme Court's ruling in *Torsilieri* and uphold constitutional challenges to Revised Subchapter H as a matter of law in the absence of factual development: 1) demonstrating a consensus of scientific evidence disproving the legislature's presumptions concerning the risk of re-offense or 2) establishing the clear proof needed to overcome a statutory declaration that a provision is not punitive. *See Commonwealth v. Wolf*, 276 A.3d 805, 813 (Pa. Super. 2022).

- 4 -

disputed, and we are thus without a factual record necessary to dispose of Appellant's claims.

Therefore, in accordance with **Torsilieri**, we remand to the trial court to hold an evidentiary hearing on the constitutional challenges to SORNA II, Revised Subchapter H that Appellant has raised before this Court. **See Commonwealth v. Mickley**, 240 A.3d 957 (Pa. Super. 2020) (remanding pursuant to **Torsilieri**); **Commonwealth v. Asher**, 244 A.3d 27 (Pa. Super. 2020) (same); **Commonwealth v. Escabal**, 1928 EDA 2021, 2022 WL 6643947, unpublished memorandum (Pa. Super. filed October 11, 2022) (same).[5]

Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *12/29/2022*

---

[5] Under Pennsylvania Rule of Appellate Procedure 126(b), nonprecedential decisions (referring to unpublished memorandum decisions of the Superior Court) filed after May 1, 2019, may be cited for their persuasive value.