J-A07018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REBECCA ELLEN KIRSCHENBAUM | : | |
| | : | |
| Appellant | : | No. 1236 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 8, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000672-2021

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED MAY 23, 2023**

Rebecca Ellen Kirschenbaum appeals from the judgment of sentence entered following her convictions for kidnapping of a minor, concealment of the whereabouts of a child, and endangering the welfare of a child.[1] Kirschenbaum argues that her requirements pursuant to the Sexual Offenders Registration and Notification Act ("SORNA") are unconstitutional. She also maintains that the jury did not find one of the elements of kidnapping of a minor — that the victim was under 18 years of age — and she could not be subject to SORNA, because the verdict slip listed "kidnapping" and the statutory citation for that offense, rather than "kidnapping of a minor." We find no merit to the latter issue, but remand for further proceedings on the former.

_____

[1] **See** 18 Pa.C.S.A. §§ 2901(a.1)(4), 2909(a), and 4304(a)(1), respectively.

The operative facts are as follows. Kirschenbaum faced charges, in a separate matter, of interference with the custody of children and concealment of the whereabouts of a child. She failed to appear for her trial on those charges, and the court issued a bench warrant. Kirschenbaum surrendered. At the bench warrant hearing, which took place in February 2021, the judge ordered Kirschenbaum released on unsecured bail but directed her not to have unsupervised contact with her minor children. The court advised Kirschenbaum to deliver her six-year-old son to a guardian she had previously identified. Kirschenbaum immediately absconded with her son for three days, until the Department of Children, Youth, and Families found her and the child. The Commonwealth thereafter charged Kirschenbaum with the above-listed crimes, including kidnapping of a minor. *See* Information, 3/18/21, at 1-2.

Kirschenbaum waived her right to counsel and represented herself at her jury trial. In its opening charge, the court stated that Kirschenbaum had been charged with kidnapping of a minor, and the prosecutor referenced kidnapping of a minor in both her opening and closing statements. *See*, N.T., 11/30/21, Trial Day 1, at 87 (court's opening charge), 106 (Commonwealth's opening statement); N.T., 12/1/21, Trial Day 2, at 27 (Commonwealth's closing statement). In her opening statement, the prosecutor explained that kidnapping of a minor "requires that someone unlawfully removes or confines a minor under the age of 18 years unlawfully[.]" N.T., Trial Day 1, at 106.

In her closing argument, the prosecutor again stressed that the charges were centered around the fact that the victim was a minor. *See* N.T., Trial

- 2 -

Day 2, at 27-28. She referred to the charge interchangeably as "kidnapping" and "kidnapping of a minor." **See id.** The court's closing charge similarly referred to the crime as "kidnapping," rather than "kidnapping of a minor." **See id.** at 39-40. However, the court instructed the jury that it could only find Kirschenbaum guilty on that charge ("kidnapping") if it found that the victim was under the age of 18. **See id.** at 40. The relevant portion of the jury instructions was as follows:

> Let's talk a little bit about what that evidence was directed towards. It was directed towards three criminal charges. The first is kidnapping. You may have heard me talk earlier that the Commonwealth not only has the burden of proving generally that this defendant is guilty of kidnapping beyond a reasonable doubt, but I also spoke to you about that they must prove that same level for each and every element. In this particular item I think there are four elements, and I will highlight that for you as far as what they have to prove as an element to get to the charge of kidnapping.
>
> So the defendant here has been charged with kidnapping, and to find the defendant guilty of this offense you must find that the following elements have been proven beyond a reasonable doubt: First, that the defendant removed [the victim] from a place where she found him and moved him for a distance that, under the circumstances, you find to be substantial. Now, in determining whether a distance hear [sic] was substantial, consider not only the actual distance, but also other relevant circumstances. And a victim can be moved a substantial distance if he or she is moved from a completely different environment away from the security of familiar surroundings to a place where they may be isolated or exposed to an increased risk of harm. Second, that the defendant did so unlawfully. Now, to remove someone unlawfully is done if the defendant has accomplished it by force, threat, or deception, or the alleged victim is a child under the age of 14 and the defendant accomplishes this move without the consent of the parent[,] guardian[,] or other persons responsible for the general supervision of the alleged victim's welfare. Third, that the defendant did so with the intention to interfere with the

performance by a public official or a government or political function. **And, fourth, that the victim was under the age of 18.**

*Id.* at 39-40 (emphasis added).

The verdict slip asked the jury to determine whether Kirschenbaum was guilty of "kidnapping," rather than kidnapping of a minor, and incorrectly listed 18 Pa.C.S.A. § 2901(a) as the relevant statute for the first count, rather than 18 Pa.C.S.A. § 2901(a.1). It asked, "Do you find the Defendant guilty or not guilty of having committed the crime of Kidnapping — 18 Pa.C.S.A. § 2901(A)?" *See* Verdict Slip, 12/1/21, at 1. It did not set forth the elements of "kidnapping."

The jury returned a verdict of guilty on each count on the verdict slip. The foreperson also responded, "Guilty," when the court clerk asked, "Count 1, do you find the defendant guilty or not guilty of having committed the crime of kidnapping?" N.T., Trial Day 2, at 59.

The court sentenced Kirschenbaum to one year minus one day to two years minus two days of incarceration followed by two years' probation for her conviction for kidnapping of a minor. The court sentenced her to a concurrent term of one year of probation for concealment of the whereabouts of a child and two years of probation for endangering the welfare of children, consecutive to her sentence for concealment of the whereabouts of a child. The court made her immediately eligible for parole and ordered drug and alcohol treatment, a mental health evaluation, and parenting classes. The sentencing order specified that Kirschenbaum was to register as a Tier III

SORNA offender for her conviction for kidnapping of a minor.[2] Kirschenbaum also received a Registration Requirements Notification form stating she would be subject to lifetime registration under SORNA as a Tier III offender.

Kirschenbaum filed a *pro se* notice of appeal. The trial court ordered her to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). The public defender's office entered its appearance and counsel filed a statement raising two challenges to the sufficiency of the evidence.[3] Counsel thereafter filed an application in this Court asking for a remand so that Kirschenbaum could challenge the constitutionality of SORNA. We denied the application without prejudice to Kirschenbaum's ability to raise the issue in her brief.

Kirschenbaum raises the following issues:

I. Is SORNA facially unconstitutional as applied to the offense of Kidnapping and or as applied to Ms. Kirschenbaum?

II. Did the imposed sentence violate ***Apprendi v. New Jersey***[, 530 U.S. 466 (2000),] considering that the jury did not . . . make a specific finding with regard to the element of age with regard to Kidnapping of a Minor, 18 Pa.C.S.A. [§] 2901(a.1)?

Kirschenbaum's Br. at 4.

Both of Kirschenbaum's issues go to the constitutionality of the imposition of SORNA requirements under Subchapter H. *See* 42 Pa.C.S.A. §§ 9799.10-9799.42. Our Supreme Court has held that "constitutional challenges to the lifetime registration requirements of Revised Subchapter H of [SORNA]

---

[2] *See* 42 Pa.C.S.A. § 9799.15(a)(3).

[3] Kirschenbaum has since abandoned these claims.

implicate the legality of sentencing and, thus, cannot be waived." **Commonwealth v. Boyd**, 287 A.3d 957, 958 (Pa.Super. 2022) (citing **Commonwealth v. Thorne**, 276 A.3d 1192, 1198 (Pa. 2022)) (footnote omitted).[4] We will therefore review her claims.

We will address Kirschenbaum's second issue first. Kirschenbaum contends the jury returned a guilty verdict for kidnapping — not kidnapping of a minor — and did not specifically find that the victim was under 18 years of age. Kirschenbaum asserts that while kidnapping of a minor is classified under SORNA as a Tier III offense, kidnapping is not an offense subject to SORNA registration. **See** Kirschenbaum's Br. at 31; 42 Pa.C.S.A. § 9799.14(d). Kirschenbaum additionally claims that SORNA restrictions are punitive. Kirschenbaum maintains that requiring her to register as a sex offender under SORNA for the duration of her life thus extends her sentence past the statutory maximum, and therefore violates **Apprendi**, which held that a court may not increase a criminal penalty beyond the statutory maximum based on an element that the jury did not specifically find. **See** Kirschenbaum's Br. at 32 (citing **Apprendi**, 530 U.S. at 490).

We find no merit to Kirschenbaum's claim that the jury did not find each element of kidnapping of a minor. The verdict slip records the result of the jury's deliberation, which is guided by the court's charge. **Commonwealth v.**

---

[4] The Supreme Court has specified that its holding regarding waiver in this arena does not establish that Subchapter H is punitive. **Thorne**, 276 A.3d at 1198.

*Ali*, 10 A.3d 282, 311 (Pa. 2010). We presume the jury followed the jury instructions. *Commonwealth v. Reid*, 259 A.3d 395, 429 (Pa. 2021)).

Kirschenbaum's *Apprendi* argument is at bottom a consequence of her claim that the verdict slip's use of "kidnapping" and the corresponding citation show that the jury did not find an element of kidnapping of a minor. After all, if the verdict slip had said "kidnapping of a minor" and used that crime's citation, Kirschenbaum's *Apprendi* argument would have no foundation. But Kirschenbaum did not object to the verdict slip at trial. To the extent her challenge goes to the verdict slip, she has waived her claim. *See Commonwealth v. duPont*, 730 A.2d 970, 984-85 (Pa.Super. 1999).

Even if she did not waive this issue, it fails. The jury instructions laid out all the elements of kidnapping of a minor, even though the court and the verdict slip referred to the crime as "kidnapping." As we presume the jury followed the court's instructions, and nothing would have confused or misled the jury about the elements it had to find to convict, Kirschenbaum's argument is meritless.

In its closing charge, the court explained the elements of kidnapping of a minor, including that the victim must be under 18 years of age. It referred to this crime by the shorthand name "kidnapping," as did the verdict slip. The verdict slip did not have any place to mark guilt for "kidnapping of a minor," and, although it referenced the incorrect statutory subsection for that charge, it did not offer any definition for the crime of "kidnapping." In context, therefore, although the jury filled out the verdict slip with a guilty verdict for

"kidnapping," it was clearly responding to the court's charge for kidnapping of a minor, as it had no other information to go on. The jury found each element of the crime, pursuant to the court's instructions, including that the victim was under 18 years of age.[5]

*Commonwealth v. Nellom*, 234 A.3d 695 (Pa.Super. 2020), on which Kirschenbaum relies, is readily distinguishable. In *Nellom*, the Commonwealth charged the defendant with theft of services and presented uncontradicted evidence that the services valued $3,659. 234 A.3d at 698. However, the jury slip only asked the jury to find (1) whether defendant was guilty of theft of services and (2) whether the value of the stolen services exceeded $50. *Id.* The jury responded positively to both questions. *Id.* The trial court graded the offense as a third-degree felony. This Court found that because the jury had not specifically found that the value of the stolen services exceeded $2,000, as is required for grading as a third-degree felony, the sentence violated *Apprendi*. *Id.* at 704-05.

Here, in contrast, the verdict slip did not fail to ask the jury to find an element necessary for increased grading. Rather, the verdict slip simply asked the jury to determine whether Kirschenbaum was guilty or not guilty of "kidnapping" — a word that the court had used interchangeably to refer to the crime of "kidnapping of a minor," and that the court had defined for the jury

---

[5] The other two crimes for which the jury returned verdicts of guilt — concealment of the whereabouts of a child and endangering the welfare of a child — also notably required the jury to find that the victim was under 18 years of age. *See* N.T., Trial Day 2, at 41-42.

as dependent upon the victim being under age 18. When the jury returned a verdict of guilty, it must have found this element satisfied, as well as every other element it had been asked to consider. *See Reid*, 259 A.3d at 429. This issue merits no relief.

Kirschenbaum's other issue requires remand. Kirschenbaum argues that SORNA requirements violate due process, as they are based on an unconstitutional irrebuttable presumption that persons convicted of sexual crimes pose a high risk of re-offense. She argues that this presumption is particularly false in her case, where her crime involved no sexual misconduct and was based on taking her own child. Kirschenbaum also argues that SORNA's requirements are punitive pursuant to the seven *Mendoza-Martinez* factors.[6] Kirschenbaum asserts her arguments echo the recent findings made by the trial court in the remand of the *Torsilieri* case, which is currently pending on appeal.[7]

An appellant advancing *Torsilieri*-based claims must demonstrate a consensus of scientific evidence that the challenged presumption is not universally true and present the "clearest proof" that SORNA requirements are punitive. *Commonwealth v. Wolf*, 276 A.3d 805, 814 (Pa.Super. 2022) (citing *Commonwealth v. Torsilieri*, 232 A.3d 567, 594 (Pa. 2020)). Where

---

[6] *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963).

[7] *See* 97 MAP 2022.

an appellant raises such claims for the first time on appeal, we remand for development of the record. **Boyd**, 287 A.3d at 960.

Kirschenbaum did not raise these issues before the trial court, and thus has not presented any evidence to substantiate her claims. We therefore remand. **See id.**[8]

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023

---

[8] **See also Commonwealth v. Hovatter**, No. 1368 EDA 2020, 2023 WL 2378556, at *2 (Pa.Super. filed Mar. 7, 2023) (unpublished memorandum); **Commonwealth v. Snyder**, No. 2060 EDA 2019, 2023 WL 315608, at *3 (Pa.Super. filed Jan. 19, 2023) (unpublished memorandum).