J-S15045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY CHAI | : | |
| | : | |
| Appellant | : | No. 135 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 25, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0005246-2014

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: AUGUST 1, 2023**

Jerry Chai ("Chai") appeals from the judgment of sentence imposed following his conviction for indecent assault.[1] This matter returns to this Court after our Supreme Court remanded for this Court to apply ***Commonwealth v. Thorne***, 276 A.3d 1192 (Pa. 2022) (holding that legality-of-sentence claims involving current Subchapter H of Pennsylvania's Sexual Offender Registration and Notification Act[2] ("SORNA") can be raised for the first time on appeal). We remand.

The parties are familiar with the factual and procedural history of this appeal, and we briefly note that in 2014, Chai sexually assaulted S.F. A jury found Chai guilty of indecent assault, and, on September 25, 2017, the trial court sentenced him to two years of probation and directed him to register for

---

[1] ***See*** 18 Pa.C.S.A. § 3126(a)(1).

[2] ***See*** 42 Pa.C.S.A. §§ 9799.11-9799.42 (as amended effective 2018).

fifteen years as a sexual offender pursuant to Subchapter H. Chai took a timely appeal challenging: (1) the impartiality of a juror; (2) the weight of the evidence; and (3) his registration requirement, which he claimed constituted an illegal sentence and violated his reputational rights.[3] This Court affirmed the judgment of sentence and, in relevant part, held that Chai waived his claims that his registration requirement constituted an illegal sentence. **See Commonwealth v. Chai**, 253 A.3d 277, 2021 WL 1386572, at *8 (Pa. Super. 2021) (unpublished memorandum) (finding Chai's legality-of-sentence challenge to Subchapter H waived pursuant to **Commonwealth v. Reslink**, 257 A.3d 21 (Pa. Super. 2020)).[4]

Chai filed a petition for allowance of appeal ("PAA") in our Supreme Court. Thereafter, our Supreme Court issued its decision in **Thorne**, which disapproved of the waiver analysis in **Reslink** and held that challenges to SORNA which implicate legality-of-sentence claims cannot be waived. **See Thorne**, 276 A.3d at 1197-98. In the present case, the Court granted Chai's

---

[3] Specifically, in his original brief to this Court ("Chai's Brief"), Chai asserted that his fifteen-year registration requirement exceeded the lawful maximum penalty for his conviction. **See** Chai's Brief, 8/22/18, at 67. Further, in conjunction with his due process claims involving the irrebuttable presumptions of future dangerousness and likelihood to reoffend, he asserted that his registration requirement constituted a cruel and unusual punishment. **See** Chai's Brief, 8/22/18, at 67-69. Chai cited research contradicting the presumption of dangerousness. **See id**. at 65-66.

[4] Our esteemed colleague, the Honorable Mary Jane Bowes, concurred in the prior decision and highlighted the problems of applying the waiver analysis set forth in **Reslink**. **See Chai**, 2021 WL 1386572, at *8-9 (Bowes, J., concurring).

PAA as to the SORNA issues and remanded to this Court to apply **Thorne**. **See Commonwealth v. Chai**, 285 A.3d 885 (Pa. 2022) (*per curiam* order). The Court denied allowance of appeal on Chai's remaining issues. **See id**. at 886.

Following our Supreme Court's remand, Chai filed in this Court a supplemental brief requesting a remand to the trial court to afford him the opportunity to substantiate his claims that his SORNA registration requirement constituted an illegal sentence. The Commonwealth submitted a letter stating that it did not oppose a remand to the trial court.

This Court, in **Commonwealth v. Boyd**, 287 A.3d 957 (Pa. Super. 2022), addressed similar procedures and claims involving legality-of-sentence claims concerning Subchapter H. **See Boyd**, 287 A.3d at 958-59. The **Boyd** Court remanded to the trial court for the development of a factual record on claims that a Subchapter H registration requirement constituted an illegal sentence. **See id**. at 960. Here, as in **Boyd**, we conclude that a remand is appropriate for the development of the record on Chai's legality-of-sentence claims concerning his registration requirement.[5]

_____

[5] We are mindful that in May 2023, our Supreme Court heard oral arguments in **Commonwealth v. Torsilieri**, 97 MAP 2022, to consider the Commonwealth's appeal from a trial court's decision that current Subchapter H contains an unconstitutional irrebuttable presumption of recidivism, is punitive, and imposes unconstitutional punishments. We note that both **Torsilieri** and **Boyd** involve lifetime registration requirements, whereas the instant appeal involves a fifteen-year registration requirement. Nevertheless, we conclude that Chai, like Boyd, should have an opportunity to substantiate his legality-of-sentence claims.

Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2023