J-S27021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAKANII DANTE BEATTY | : | |
| | : | |
| Appellant | : | No. 1426 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 19, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001863-2020

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: SEPTEMBER 28, 2023**

Takanii Dante Beatty appeals the August 19, 2022 judgment of sentence imposing an aggregate term of seven and one-half to fifteen years of imprisonment after he pled guilty to statutory sexual assault graded as a first-degree felony and promoting prostitution.  For the reasons explained *infra*, consistent with our High Court's guidance in ***Commonwealth v. Torsilieri***, 232 A.3d 567, 584 (Pa. 2020), we remand to the trial court for the development of a full factual record concerning Appellant's constitutional challenges implicating the legality of his sentence.

On December 28, 2019, Appellant and other adults supplied thirteen-year-old E.C. with alcohol and gave her $120 to perform various sexual acts.  In pleading guilty, Appellant specifically stipulated "that on the 28th of December of 2019[, he] engaged in sexual intercourse with . . . E.C.," who was under the age of sixteen, more than eleven years younger than him, and

not his spouse.  **See** Guilty Plea Colloquy, 3/15/22, at 3.  Appellant also conceded that, on the same date, he intentionally caused E.C., "to become or remain a prostitute by encouraging her to perform sexual acts on both [him] and other people[.]"  **Id**. at 4.  The trial court accepted the open plea and imposed the sentence indicated above.  Appellant was found not to be a sexually violent predator.  Nevertheless, as a result of his statutory assault conviction, he is classified as a Tier III offender, subject to lifetime registration pursuant to Subchapter H of Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA") ("Revised Subchapter H").  **See** 42 Pa.C.S. §§ 9799.14(d)(3) and 9799.15(a)(3) (categorizing that the commission of "statutory sexual assault" graded as a felony of the first degree requires registration for "the life of the individual").

This timely appeal followed the denial of Appellant's post-sentence motion challenging the discretionary aspects of his aggregate sentence. Appellant's concise statement of errors pursuant to Pa.R.A.P. 1925(b) raised for the first time that Revised Subchapter H is unconstitutional because it, *inter alia*, employs an "irrebuttable presumption . . . that sex offenders are uniquely dangerous and likely to reoffend[,] . . . violates **Alleyne v. United States**, 570 U.S. 99 (2013)[,] and **Apprendi v. New Jersey**, 530 U.S. 466

(2000)[,] . . . and inflicts cruel and unusual punishment."[1] Concise Statement, 10/27/22, at unnumbered 2.

Appellant presents a single question for our review:

Is [Appellant] entitled to remand for an evidentiary hearing on whether the imposition of the requirements of Subchapter H of [SORNA] violates *Alleyne v. United States* and *Apprendi v. New Jersey* and constitutes cruel and unusual punishment in violation of The United States and Pennsylvania Constitutions?

Appellant's brief at 4. The Commonwealth agrees that Appellant is entitled to a remand for an evidentiary hearing to develop the necessary factual record to support his constitutional challenge to Revised Subchapter H. *See* Commonwealth's brief at 4.

In confronting a challenge to the constitutionality of a statute, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Brooker*, 103 A.3d 325, 334 (Pa.Super. 2014). In *Torsilieri*, our Supreme Court outlined the significant burden borne by an individual seeking to invalidate a statutory scheme on constitutional grounds:

In addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is

_____

[1] In its Rule 1925(a) Opinion, the trial court noted that our Supreme Court is currently addressing identical challenges to Revised Subchapter H in *Commonwealth v. Torsilieri*, 97 MAP 2022, but it concluded that the present state of the law supported the continued application of the statute. *See* Trial Court Opinion,11/16/22, at 3-4. We observe that on May 23, 2023, the High Court heard oral argument regarding the constitutionality of Revised Subchapter H, but to date has not rendered its decision.

subject to judicial review to protect the constitutional rights of all citizens." **In re J.B.**, 107 A.3d 1, 14 (Pa. 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution." **Id**.

**Torsilieri**, **supra** at 575.

With these principles in mind, we first observe that Appellant's challenge to the legality of the lifetime registration requirements imposed on him pursuant to Revised Subchapter H is not waived due to his failure to raise the claim in the trial court. **Cf.** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). In **Commonwealth v. Thorne**, 276 A.3d 1192, 1196-98 (Pa. 2022), our High Court held that constitutional challenges to Revised Subchapter H, such as these particular claims which properly implicate the legality of a defendant's sentence, cannot be waived.

The **Thorne** Court further directed that, where, as here, the issues are asserted for the first time on appeal, appellants are entitled to remand and an opportunity to provide supplemental argument and scientific evidence to support arguments challenging Revised Subchapter H:

> If . . . we were to conclude that Appellant is not entitled to a remand . . . or preclude Appellant from offering scientific evidence to establish the punitive nature of Revised Subchapter H on remand, Appellant would derive absolutely no benefit from our holding today. In other words, our ruling today—*i.e.*, that constitutional challenges to the lifetime registration requirement set forth in Revised Subchapter H implicate the legality of a sentence and, therefore, cannot be waived—would have no meaning if individuals seeking to challenge Revised Subchapter H on constitutional grounds were required to present evidence in

support thereof during his/her underlying criminal proceedings in order to preserve the issue.

***Thorne***, ***supra*** at 1198 n.13.

Thus, in accordance with ***Thorne*** and ***Torsilieri***, we remand this matter to the trial court for an evidentiary hearing and an opportunity for Appellant to supplement his arguments with scientific evidence. ***See e.g. Commonwealth v. Boyd***, 287 A.3d 957 (Pa.Super. 2022) ("[W]e remand to the trial court to hold an evidentiary hearing on the constitutional challenges to SORNA II, Revised Subchapter H that Appellant has raised before this Court"); ***Commonwealth v. Chai***, 135 WDA 2018, 2023 WL 4881480, at *2 (Pa.Super. August 1, 2023) (non-precedential decision) ("Here, as in ***Boyd***, we conclude that a remand is appropriate for the development of the record on [the appellant's] legality-of-sentence claims concerning his registration requirement.").

Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/28/2023