J-S04013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVIN CORDELL BAKER | : | |
| | : | |
| Appellant | : | |
| | : | No. 1496 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 13, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001639-2022

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY BOWES, J.:　　　　　　　**FILED MARCH 26, 2024**

Davin Cordell Baker appeals from the judgment of sentence of one and one-half to four years of incarceration followed by ten years of probation following his negotiated guilty plea to five counts of sexual abuse of children. For the reasons explained *infra*, consistent with our High Court's guidance in **Commonwealth v. Torsilieri**, 232 A.3d 567, 584 (Pa. 2020), we remand to the trial court for the development of a full factual record concerning Appellant's constitutional challenges implicating the legality of his sentence.

In 2021, Chester County police received a tip from the National Center for Missing and Exploited Children that an individual in its jurisdiction was uploading child sexual abuse material to the internet.  Appellant admitted to transmitting the images, and a subsequent search of his electronic devices revealed hundreds of pornographic photographs and videos that Appellant had distributed to other people.  He pled guilty to one count of sexual abuse of

children–dissemination of child pornography pursuant to 18 Pa.C.S. § 6312(c) and four counts of sexual abuse of children–possession of child pornography pursuant to § 6312(d). In accordance with the plea agreement, the trial court imposed the sentence noted above. As a result of the § 6312(c) conviction, Appellant has been classified as a Tier II offender, subject to twenty-five years of registration pursuant to Subchapter H ("Revised Subchapter H") of Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.14(a) and 9799.15(a)(2) (mandating that a conviction for "[d]issemination of photographs, videotapes, computer depictions and films" requires registration "for a period of [twenty-five] years").

Appellant timely filed a post-sentence motion, wherein he averred that Revised Subchapter H is unconstitutional because it violates his due process rights by creating "an irrebuttable presumption that those convicted of enumerated offenses pose a high risk of committing additional sexual offenses[,] depriving those individuals of their fundamental right to reputation." Post-Sentence Motion, 3/22/23, at 3 (cleaned up). Appellant then requested a stay pending the outcome of *Torsilieri*, which is currently pending before our Supreme Court at Docket Number 97 MAP 2022.[1] The trial

_____

[1] This is the second time that George Torsilieri's challenge to the constitutionality of SORNA is pending before the High Court. *See* *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020) (remanding to the trial court for further development of the record regarding the constitutionality
*(Footnote Continued Next Page)*

court denied the motion without a hearing. This timely appeal followed. The court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he complied. Thereafter, the court issued a Rule 1925(a) opinion.

Appellant presents the following question for our review: "Did the trial court err in denying Appellant's post-sentence motion to bar the application of SORNA and stay the application of SORNA's requirements pending the outcome of **Commonwealth v. Torsilieri**, 97 MAP 2022?" Appellant's brief at 2 (cleaned up). Appellant avers that his reporting requirements are unconstitutional because of SORNA's "irrebuttable presumption" and requests remand for an evidentiary hearing concerning the constitutionality of the requirements of Revised Subchapter H. **Id**. at 14-16.

Our Supreme Court has held that challenges to the registration requirements of Subchapter H implicate the legality of sentencing and cannot be waived.[2] **See Commonwealth v. Thorne**, 276 A.3d 1192, 1194, 1198 (Pa. 2022) (concluding that "this Court's legality of sentencing jurisprudence— *i.e.*, that challenges implicating the legality of a sentence cannot be waived—

_____

of Subchapter H of SORNA). On May 23, 2023, the High Court heard oral argument regarding the constitutionality of Revised Subchapter H, but to date has not rendered its decision.

[2] Insofar as the trial court claims that Appellant is not entitled to relief because he pled guilty and accepted the SORNA requirements, it is well-settled that the right to challenge the legality of a sentence survives the entry of a guilty plea. **See**, **e.g.**, **Commonwealth v. Stanley**, 259 A.3d 989, 992 (Pa.Super. 2021).

- 3 -

applies equally to constitutional challenges to Revised Subchapter H of SORNA"). This Court has observed that "constitutional challenges to the application of Revised Subchapter H raise questions of law, as they assert that the registration requirements of Revised Subchapter H are punitive and unduly rely on an irrebuttable presumption that all sex offenders pose a high risk of future dangerousness and reoffending." *Commonwealth v. Boyd*, 287 A.3d 957, 959 (Pa.Super. 2022) (cleaned up). "As with all questions of law, our standard of review is *de novo* and our scope of review is plenary." *Id*. (cleaned up).

In *Torsilieri*, the Pennsylvania Supreme Court outlined the significant burden borne by an individual seeking to invalidate a statutory scheme on constitutional grounds:

> In addressing constitutional challenges to legislative enactments, we are ever cognizant that the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens. We emphasize that a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution.

*Torsilieri*, 232 A.3d at 575 (cleaned up).

Our High Court has also directed that when appellants have preserved a challenge to the constitutionality of Revised Subchapter H, but have not had an opportunity to present evidence to support their arguments, they are entitled to remand:

> If . . . we were to conclude that Appellant is not entitled to a remand . . . or preclude Appellant from offering scientific evidence

- 4 -

> to establish the punitive nature of Revised Subchapter H on remand, Appellant would derive absolutely no benefit from our holding today.  In other words, our ruling today—*i.e.*, that constitutional challenges to the lifetime registration requirement set forth in Revised Subchapter H implicate the legality of a sentence and, therefore, cannot be waived—would have no meaning if individuals seeking to challenge Revised Subchapter H on constitutional grounds were required to present evidence in support thereof during his/her underlying criminal proceedings.

*Thorne*, 276 A.3d at 1198 n.13.

We note that while the appellants in *Thorne* and *Boyd* raised the constitutionality of Revised Subchapter H for the first time on appeal, here, Appellant raised it for the first time in a post-sentence motion.  However, like the appellants in *Thorne* and *Boyd*, Appellant did not have the opportunity to offer any scientific evidence or learned testimony to establish the punitive nature of Revised Subchapter H, as the trial court denied his post-sentence motion without an evidentiary hearing.  As noted above, Appellant requests remand for a hearing to "present evidence regarding whether the legislative purpose of the sexual registration and notification requirements of Subchapter H [is] supported by a scientific basis."  Appellant's brief at 16.

Accordingly, we remand this matter to the trial court for a hearing and an opportunity for Appellant to supplement his arguments with scientific evidence or learned testimony.  *See*, *e.g.*, *Boyd*, 287 A.3d at 957 ("[W]e remand to the trial court to hold an evidentiary hearing on the constitutional

challenges to SORNA II, Revised Subchapter H that Appellant has raised before this Court.").[3]

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024

---

[3] While **Thorne** and **Boyd** concern the appropriate procedures for Tier III lifetime registration requirements under SORNA, this Court has also remanded to the trial court for a hearing when an appellant challenged the constitutionality of Revised Subchapter H in cases involving a Tier I requirement, which entails a fifteen-year registration period. **See Commonwealth v. Best**, 2023 WL 8598270, at *5 (Pa.Super. 2023) (non-precedential decision) (remanding to the trial court for a hearing because "Appellant has not had the opportunity to offer any scientific evidence or learned testimony to support his claims"); **see also Commonwealth v. Chai**, 304 A.3d 716, 2023 WL 4881480, at *2 n.5 (Pa.Super. 2023) (non-precedential decision) (concluding that "Chai . . . should have an opportunity to substantiate his legality of sentence claims"). Hence, in the matter *sub judice*, we will not treat Appellant's challenge to the constitutionality of his Tier II registration requirements differently than those of the other tiers.