J-S33011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY THOMAS FRICK | : | |
| | : | |
| Appellant | : | No. 236 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 13, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001309-2021

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:          **FILED: FEBRUARY 19, 2025**

Appellant, Jeremy Thomas Frick, appeals from the judgment of sentence entered on November 13, 2023, in the Criminal Division of the Court of Common Pleas of Lycoming County. Appellant's judgment of sentence imposed sex offender registration requirements, together with an aggregate term of three to nine years' incarceration, in accordance with a negotiated guilty plea to one count each of sexual abuse of children, 18 Pa.C.S.A. § 6312(B)(1), corruption of minors, 18 Pa.C.S.A. § 6301(a)(1)(ii), and indecent exposure, 18 Pa.C.S.A. § 3127(a). As explained in greater detail below, Appellant asks this Court to affirm his judgment of sentence, vacate an order that denied his post-sentence motions, and remand this matter to allow further development of the record to support challenges to the constitutionality of his registration requirements imposed pursuant to Revised Subchapter H of the Sexual Offender Registration and Notification Act

("SORNA II").[1]  For the reasons that follow, we affirm Appellant's judgment of sentence, including the order denying Appellant's post-sentence motions, and reject Appellant's request for a remand.

The historical facts underlying Appellant's convictions are not essential to our disposition of this appeal; hence, we shall focus only on the relevant procedural history and the remand request forwarded by Appellant. On

---

[1] **See** 42 Pa.C.S.A. §§ 9799.10-9799.42.  In a prior case, we briefly explained the legislative history of SORNA II as follows:

> We observe that SORNA was originally enacted on December 20, 2011, effective December 20, 2012.  **See** Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011).  Act 11 was amended on July 5, 2012, also effective December 20, 2012, **see** Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, **see** Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018).  Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II.  Through Act 10, as amended in Act 29, the General Assembly split SORNA's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51-9799.75.  Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who[, like Appellant,] committed an offense on or after December 20, 2012.  **See** 42 Pa.C.S.A. §§ 9799.10-9799.42.

**Commonwealth v. Spitko**, 2024 WL 4524659, *1 (Pa. Super. 2024) (non-precedential decision) (cleaned up); **see also** Pa.R.A.P. 126(b) (providing that unpublished, non-precedential decisions of the Superior Court filed after May 1, 2019 may be cited for persuasive value).

October 29, 2021, the Commonwealth filed an information charging Appellant with nine criminal offenses relating to child pornography and unlawful contact with minors. On October 20, 2022, Appellant entered a negotiated guilty plea to sexual abuse of children (18 Pa.C.S.A. § 6312(b)(1)), corruption of minors (18 Pa.C.S.A. § 6301(a)(1)(ii)), and indecent exposure (18 Pa.C.S.A. § 3127(a)). The terms of the agreement provided a sentence of three to nine years' incarceration, together with a 25-year registration requirement as a Tier II registrant under SORNA II.[2] Appellant was also required to undergo an evaluation to determine whether he met the criteria for sexually violent predator (SVP) status. Prior to sentencing, however, the Commonwealth withdrew its request for SVP designation.

On November 13, 2023, in accordance with the terms of the parties' plea agreement, the trial court sentenced Appellant to an aggregate term of three to nine years' incarceration and ordered Appellant to register as a sex offender for a period of 25 years. On November 15, 2023, Appellant filed post-sentence motions challenging the constitutionality of his registration obligations under the Pennsylvania and United States Constitutions. On December 5, 2023, Appellant, with the consent of the Commonwealth, filed a motion asking the trial court to deny his post-sentence motions so he could appeal the denial of his objections to his registration requirements and request

---

[2] Appellant was subject to registration for 25 years under Tier II because he entered a guilty plea to sexual abuse of children pursuant to 18 Pa.C.S.A. § 6312(b). **See** 42 Pa.C.S.A. § 9799.14(b)(c)(4) (defining sexual abuse of children under Section 6312(b) to be a Tier II offense).

a remand to litigate his challenges outside any time restriction imposed by Pa.R.Crim.P. 720(B)(3).[3]  The parties elected this procedure in the hope that a decision by our Supreme Court in *Commonwealth v. Torsilieri*, 316 A.3d 77 (Pa. 2024) ("*Torsilieri II*") would provide guidance on the relevant issues and narrow the focus of any expert testimony needed to complete the record. On February 2, 2024, the trial court signed the parties' proposed order and denied Appellant's post-sentence motions.

Thereafter, Appellant filed a notice of appeal on February 14, 2024.  On February 15, 2024, the trial court, pursuant to Pa.R.A.P. 1925(b), directed Appellant to file and serve a concise statement of errors complained of on appeal.  Appellant filed his concise statement on February 28, 2024, and the trial court issued its Rule 1925(a) opinion on March 5, 2024.

At the outset, we note that our Supreme Court filed its decision in *Torsilieri II* on May 31, 2024, and that Appellant's brief was received by this Court on June 12, 2024.  Because of the timing of his submission, Appellant's brief does not set forth substantive arguments in support of relief but instead highlights the call for further development of the record with reference to the issues discussed in the Supreme Court's decision in *Commonwealth v. Torsilieri*, 232 A.3d 567, 575 (Pa. 2020) ("*Torsilieri I*").  Hence, the legal landscape pertinent to the issues in this appeal have changed drastically since

---

[3] With certain exceptions, Rule 720(B)(3) provides that a post-sentence motion shall be deemed denied by operation of law if it remains unresolved after 120 days.  *See* Pa.R.Crim.P. 720(B)(3)(a) and (b).

Appellant initially raised his claims and forwarded his request for remand. In light of this unique procedural posture, we shall consider the need for further proceedings first by identifying the applicable legal principles articulated in **Torsilieri II** and then by examining the utility of a remand using Appellant's post-sentence motions as a framework for the matters that ostensibly would be addressed by expert testimony and other evidentiary offers on remand.

Our Supreme Court has held that constitutional challenges to the registration requirements of Revised Subchapter H implicate the legality of sentencing. **See Commonwealth v. Thorne**, 276 A.3d 1192, 1194-1198 (Pa. 2022) (concluding that "this Court's legality of sentencing jurisprudence - *i.e.*, that challenges implicating the legality of a sentence cannot be waived - applies equally to constitutional challenges to Revised Subchapter H of SORNA"); **see also Commonwealth v. Boyd**, 287 A.3d 957, 959 (Pa. Super. 2022) (holding that "constitutional challenges to the application of Revised Subchapter H raise questions of law, as they assert that the registration requirements of Revised Subchapter H are punitive and unduly rely on an irrebuttable presumption that all sex offenders pose a high risk of future dangerousness and reoffending"). "As with all questions of law, our standard of review is *de novo* and our scope of review is plenary." **Boyd**, 287 A.3d at 959.

Our Supreme Court has outlined the weighty burden shouldered by a party who challenges a statute on constitutional grounds:

- 5 -

In addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." *In re J.B.*, 107 A.3d 1, 14 ([Pa.] 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution." *Id.*

*Torsilieri I*, 232 A.3d at 575.

As stated above, our Supreme Court issued its decision in *Torsilieri II* on May 31, 2024. In *Torsilieri II*, the Court initially considered "whether the General Assembly's determination, in [SORNA II], that individuals who commit sexual offenses pose a high risk of committing additional sexual offenses constitutes an unconstitutional irrebuttable presumption violative of due process, because it impairs the right to reputation under the Pennsylvania Constitution." *Torsilieri II*, 316 A.3d 77at 79. The Court explained:

[T]he first issue before us concerns a presumption which largely undergirds the criminal justice system's treatment of sex offenders: that those who commit sexual offenses pose a high risk to reoffend. The General Assembly has memorialized this presumption in its legislative findings: "Sexual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S.[A.] § 9799.11(a)(4). To challenge such assumptions under the irrebuttable presumption doctrine, a challenging party must demonstrate: (1) an interest protected by the due process clause; (2) utilization of a presumption that is not universally true; and (3) the existence of a reasonable alternative means to ascertain the presumed fact.

*Id.* at 79-80 (some internal citations omitted).

The parties in **Torsilieri II** did not contest the first prong of the irrebuttable presumption doctrine, which posits that "the right to reputation is protected by the due process clause and that the designation as a sexual offender, based upon a presumption of posing a high risk of recidivism, impacts one's reputation." **Id.** at 97 n.13. Under the second prong, however, the Court concluded that "to meet his heavy burden of establishing that the General Assembly's presumption was not universally true, [Torsilieri] was required to establish that there exists a scientific consensus that sexual offenders pose no greater risk of committing additional sexual crimes than other groups not subject to similar registration laws." **Id.** at 98-99. In rejecting Torsilieri's position, the Supreme Court observed:

> Here, Torsilieri's own experts concede that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual offenses. Accordingly, rather than refuting it, the evidence supports the legislative presumption; the evidence validates the statutory underpinnings of Subchapter H. We need go no further. Having reviewed the arguments and the evidence presented [before the trial court], we find that the evidence does not demonstrate a consensus that the presumption at issue is not universally true. Thus, we hold that Torsilieri has failed to meet his heavy burden to demonstrate that the irrebuttable presumption at issue was constitutionally infirm.

**Id.** at 99-100 (internal citations and footnote omitted, emphasis in original). Because Torsilieri did not prevail on the second prong of his irrebuttable presumption claim, the Court did not proceed further.

Appellant's post-sentence motion asserts, among other things, that SORNA II violates his procedural due process rights under the Pennsylvania

- 7 -

and United States Constitutions because it "unlawfully impinges on his right of reputation" and "unlawfully restricts liberty and privacy" without notice and an opportunity to be heard. Appellant's Post-Sentence Motion, 11/23/23, at 2-3 ¶¶ 10 and 11. In addition, Appellant's post-sentence motion alleges that SORNA II contravenes his substantive due process rights under the Pennsylvania and United States Constitutions since it deprives him of reputational and inalienable rights in adopting the irrebuttable presumption that anyone convicted of an enumerated offense poses a high risk of recidivism. *See id.* at 2-3 ¶¶ 9 and 12.

As established above, to succeed in challenging SORNA II under the irrebuttable presumption doctrine on remand, Appellant would need to show, among other things, that the General Assembly adopted a presumption that was not universally true. *See Torsilieri II*, 316 A.3d at 79-80. Such a showing would entail proof of a scientific consensus that adult sexual offenders were no more likely to recidivate than other groups not subject to similar registration requirements. *See id.* at 98-99. The evidence presented in *Torsilieri II* demonstrated that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual offenses. In the view of our Supreme Court, this evidence supported the challenged legislative presumption and vindicated the legislative findings adopted in Revised Subchapter H. *See id.* at 99-100. Under these circumstances, we fail to see how further proceedings would promote viable

claims. Hence, we decline to order a remand on Appellant's irrebuttable presumption theory.

Appellant's post-sentence motions next assert that his sentence is illegal because his mandatory, 25-year registration requirement under Revised Subchapter H of SORNA II constitutes punishment and, therefore, is unconstitutional because it: 1) usurps the exclusive judicial function of imposing sentences; 2) imposes criminal penalties in the absence of notice, an opportunity to contest its application, and without ensuring that each material fact is submitted to a jury and proven beyond a reasonable doubt; 3) inflicts a cruel and unusual penalty; and, 4) enhances punishment beyond prescribed limits without prior submission to a jury or proof beyond a reasonable doubt. *See* Appellant's Post-Sentence Motion, 11/23/23, at 3-4 ¶¶ 13-16.

*Torsilieri II* considered whether the registration and notification requirements of Revised Subchapter H were punitive. In concluding that Revised Subchapter H was nonpunitive, the Court agreed that the provision "offer[ed] a valid nonpunitive purpose of informing and protecting the public," and that Torsilieri failed to demonstrate that its registration and notification requirements were not rationally or reasonably related to its valid aims. *See Torsilieri II*, 316 A.3d at 109. Moreover, the Court observed that the registration and notification requirements achieved, to some extent, the stated goal of promoting community safety. *See id.* In view of these

determinations, the Court concluded that Torsilieri failed to meet his heavy burden of rebutting, with clear proof, the General Assembly's stated nonpunitive purpose of informing and protecting the public. **See id.** at 109-110. Because a finding that Revised Subchapter H constituted criminal punishment was a threshold factor in determining the viability of Torsilieri's related constitutional challenges (that the legislation unconstitutionally usurped judicial power over sentencing in violation of the separation of powers doctrine, constituted cruel and unusual punishment under the Eighth Amendment, and infringed upon the right to a jury trial by failing to require that facts which increase the punishment imposed for the underlying crime be established beyond a reasonable doubt), the Court held that these derivative constitutional claims must fail.[4] **See id.** at 110.

Additionally, this Court has ruled that a sentencing requirement for a defendant to register as a sexual offender for a period of time exceeding the lawful statutory maximum for the offense is not illegal:

> SORNA's registration requirements are … separate and apart from [the] term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only

---

[4] In considering whether the registration requirements found in SORNA II constituted criminal punishment, the Supreme Court weighed five of the factors discussed in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963). **See Torsilieri II**, 316 A.3d at 109. The Court determined that "two weighed in favor of finding Revised Subchapter H to be punitive in effect, and three weighed in favor of finding the legislation to be nonpunitive, with the sixth and seventh factors being given the greatest weight." **Id.** Nonetheless, the **Torsilieri II** Court ruled that weighing the **Mendoza-Martinez** factors did not compel a conclusion that Revised Subchapter H was punitive. **Id.** at 109.

within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

*Commonwealth v. Strafford*, 194 A.3d 168, 173 (Pa. Super. 2018); *see also Commonwealth v. Bricker*, 198 A.3d 371, 377 (reiterating that a requirement for a defendant to register as a sexual offender for a period of time exceeding the lawful statutory maximum for his offense is not illegal).

*Torsilieri II*'s conclusion is on all fours with this appeal and leaves no room for Appellant's assertion that Revised Subchapter H of SORNA II is punitive in nature. *See Torsilieri II,* at 109. Moreover, there is no merit to Appellant's claim that his registration requirement under SORNA II is illegal because its notification and registration provisions permit punishment in excess of the statutory maximum sentences for his underlying convictions. *See Strafford*, 194 A.3d at 173; *see also Bricker*, 198 A.3d at 377. Thus, we see no utility in a remand on Appellant's challenge to the legality of his sentence premised on the contention that Revised Subchapter H of SORNA II is punitive. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Application for Remand denied. Jurisdiction relinquished.

Judgment Entered.

![signature]

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/19/2025