J-S24035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLIN BEST | : | |
| | : | |
| Appellant | : | No. 1165 MDA 2022 |

Appeal from the PCRA Order Entered August 2, 2022
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000742-2008,
CP-41-CR-0001020-2019

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: DECEMBER 12, 2023**

Appellant Colin Best appeals the order of the Court of Common Pleas of Lycoming County dismissing his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] Consistent with controlling precedent, we remand for further proceedings necessary to develop a factual record with respect to Appellant's challenge to the legality of his sentence. We affirm the remainder of the PCRA court's order denying relief.

In July 2019, Appellant was charged with two counts of invasion of privacy at docket CR-41-CR-1020-2019 for taking photographs of young females (ages 24 and 15) while they tried on bathing suits in a dressing room

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

of a department store in Williamsport, Pennsylvania. Appellant was also facing a violation of probation (VOP) at docket CP-41-CR-0000742-2008.

On August 19, 2019, Appellant filed a *pro se* motion for the appointment of new counsel at both dockets. Thereafter, Appellant filed multiple *pro se* documents, indicating he was acting *pro se* as he was not satisfied with his counsel's representation.

On September 20, 2019, the trial court held a hearing at which Appellant requested to proceed *pro se* with the assistance of standby counsel. The trial court conducted a colloquy on the record and determined Appellant's waiver of counsel at both dockets was knowing, intelligent, and voluntary. The trial court appointed Helen Stolinas, Esq. as standby counsel, specifying that her duties were "solely to answer legal questions raised by [Appellant] in person, in writing, or while in a court proceeding." Order, 9/24/19, at 1.

At a hearing held on October 29, 2019, Appellant made an oral request that Attorney Stolinas be appointed as his legal counsel for docket 742-2008, but indicated he would still proceed *pro se* at docket 1020-2019. Notes of Testimony (N.T.), 10/29/19, at 32-37. The trial court appointed Attorney Stolinas to represent Appellant in connection with the VOP matter at docket 742-2008. The trial court directed the Commonwealth to provide discovery to Attorney Stolinas on both dockets, although Appellant had not requested Attorney Stolinas's representation for docket 1020-2019 and Attorney Stolinas was still standby counsel in that case. ***Id.*** at 37-39.

On January 23, 2020, Appellant entered a negotiated guilty plea to two counts of invasion of privacy at docket number 1020-2019 and was sentenced to two consecutive terms of one to two years' imprisonment resulting in an aggregate sentence of two to four years' imprisonment. On the same day, the trial court revoked Appellant's probation on docket 742-2008 as a result of the aforementioned charges and resentenced him to a period of two to four years' imprisonment concurrent with his sentence at docket 1020-2019. The trial court also indicated that Appellant would be deemed a Tier I sex offender, required to comply with a fifteen-year period of registration under SORNA, but not considered a Sexually Violent Predator (SVP). Appellant acted *pro se* in reaching this plea deal with the Commonwealth.

On December 14, 2020, Appellant filed a timely *pro se* PCRA petition listing both captions. The PCRA court appointed Jeana Long, Esq. to serve as Appellant's PCRA counsel, but Attorney Long filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After a September 7, 2021 hearing, the PCRA court allowed Attorney Long to withdraw as counsel based on its finding that Attorney Long and Appellant had irreconcilable differences.[2] Order, 9/7/21, at 1.

The PCRA court appointed Matt Diemer, Esq. to serve as Appellant's PCRA counsel and directed him to evaluate Appellant's PCRA petition and file

---

[2] The PCRA court did not evaluate Attorney Long's request to withdraw based on the reasoning set forth in her **Turner-Finley** no-merit letter.

either a supplemental PCRA petition or a motion to withdraw accompanied by a **Turner-Finley** no-merit letter. Order, 9/7/21, at 1.

On February 9, 2022, Atty. Diemer filed a supplemental PCRA petition raising claims of the ineffectiveness of trial counsel and prior PCRA counsel as well as a claim that the Commonwealth had withheld material evidence in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). On April 11, 2022, Appellant filed a *pro se* petition to request review of an additional PCRA issue raising a challenge to his reporting requirements under SORNA pursuant to **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020). On April 14, 2022, the PCRA court forwarded Appellant's *pro se* filing to counsel. Counsel did not file any additional supplemental petitions.

On May 6, 2022, the PCRA court held an evidentiary hearing. On August 2, 2022, the PCRA court filed an order denying Appellant's petition.

On August 19, 2022, Appellant filed a timely notice of appeal. Atty. Diemer filed a petition to withdraw along with a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). On August 18, 2023, this Court remanded the case after concluding that Appellant had been effectively deprived of counsel for the appeal of his first PCRA petition as Atty. Diemer had not complied with the requirements of **Anders** or demonstrated that he meaningfully participated in the appeal. Thus, this Court remanded for the appointment of new counsel and denied the petition to withdraw as moot.

On remand, the PCRA court appointed new counsel, Brian Ulmer, Esq., who filed an advocate's brief, raising the following issues for our review:

I.  Did the PCRA court err in denying relief, where standby counsel was ineffective, depriving Appellant of his right to self-representation by taking an active role beyond that prescribed for standby counsel and failing to provide all information to Appellant to allow for a knowing, intelligent, and voluntary guilty plea?

II.  Did the PCRA court err in denying relief where the Commonwealth violated Appellant's rights by withholding material evidence which in so doing undermined the truth determining process and elicited a guilty plea which was not knowing, intelligent and voluntary?

III.  Did the PCRA court err in denying relief where Appellant received a sentence violative of due process and **Commonwealth v. Torsilieri**?

Appellant's Brief, at 4.

Appellant's first two claims are closely related. Appellant first argues that his standby counsel was ineffective in interfering with his right to self-representation in entering his guilty plea. Appellant claims standby counsel exceeded the limits of her role when she accepted discovery provided by the prosecution on Appellant's behalf for the case at docket 1020-2019 and provided a minimal amount of exculpatory evidence. Given that Appellant alleges that he did not receive all relevant discovery materials, Appellant argues that he would not have entered a guilty plea had he been able to review all the evidence.

Our Supreme Court has held that "a defendant who chooses to represent himself cannot obtain relief by raising a claim of ineffectiveness of counsel or standby counsel." **Commonwealth v. Williams**, 196 A.3d 1021, 1029–30 (Pa. 2018) (quoting **Commonwealth v. Spotz**, 47 A.3d 63, 83 (Pa. 2012)). However, given that the United States Supreme Court has recognized a

defendant's right to self-representation in **Faretta v. California**, 422 U.S. 806 (1975), a defendant may raise a challenge to the scope of standby counsel's role to assure that it does not "supplant [the] defendant's choice of self-representation." **Williams**, 196 A.3d at 1030.

The United States Supreme Court has recognized that a defendant's right to self-representation recognized in **Faretta** does not impose an "absolute bar on standby counsel's unsolicited participation." **McKaskle v. Wiggins**, 465 U.S. 168, 176 (1984). To determine whether a defendant's right to self-representation has been respected, courts must evaluate whether standby counsel's participation (1) allows the defendant to "preserve actual control over the case he chooses to present to the jury" and (2) does not include participation without the defendant's consent that "destroy[ed] the jury's perception that the defendant is representing himself." **Id**. at 177-78.

Given that Appellant is challenging standby counsel's participation outside the presence of a jury, only the first of the two limitations applies. In evaluating whether Appellant was allowed to preserve actual control over his case, we note that:

> **Faretta** rights are adequately vindicated in proceedings outside the presence of the jury if the *pro se* defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the *pro se* defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel.

**Id**. at 177-79.

In the guilty plea to the charges at docket 1020-2019 for which Appellant was represented by standby counsel, the trial court conducted an oral plea colloquy in which Appellant acknowledged that by pleading guilty, he was giving up the right to pursue his pretrial claims, which included a request to compel discovery. Notes of Testimony (N.T.), 1/23/20, at 41-42. Before entering the plea, Appellant had alleged that there was potentially more discovery materials to be provided by the prosecution.

Nevertheless, instead of waiting for additional discovery, Appellant indicated on the record that he had enough time to consider his guilty plea, wished to plead guilty, declined the opportunity to have further discussion with standby counsel, and stated that he had no questions or concerns to address with the trial court or standby counsel. *Id.* at 44. As such, there is no evidence in the record to show that standby counsel exceeded her role or interfered with Appellant's right to self-representation.

In Appellant's second claim, he argues the Commonwealth improperly withheld material evidence from the defense in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963). Specifically, Appellant claims he did not have the opportunity to review evidence from the Toms River Police Department from New Jersey, which included police reports, interoffice emails, search warrants, and video recordings. Appellant's Brief, at 5.

Our Supreme Court has provided that, in order to establish a ***Brady*** violation, a defendant has the burden to prove that: "(1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was

- 7 -

favorable to the defendant, either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." **Commonwealth v. Willis**, 46 A.3d 648, 656 (Pa. 2012) (citations omitted).

The PCRA court rejected this claim as it found that Appellant failed to show "how the evidence was material to his case, as evidence from an investigation in New Jersey pertaining to a New Jersey case would not have provided him with any sort of recourse in his Lycoming County case." PCRA Court Opinion (P.C.O.), 12/7/23, at 7. Appellant has not responded to this point with any showing of how evidence from the New Jersey investigation would have been material in this case or favorable to the defense. Further, Appellant does not make any attempt to explain how the absence of such evidence resulted in any prejudice.

As a result, we conclude the PCRA court correctly found that Appellant was not entitled to any relief on his challenges to the effectiveness of standby counsel or his allegations that the Commonwealth had withheld material, exculpatory evidence from the defense.

In his third claim, Appellant claims his obligation to register as a sex offender under Revised Subchapter H of SORNA renders his sentence illegal. Appellant cites to our Supreme Court's decision in **Torsilieri** to suggest that his reporting requirements violate his due process rights and are punitive as they are based on irrebuttable presumptions that "sexual offenders have a

high risk of recidivism and that tier-based registration protects the public from reoffenders." Appellant's Brief, at 14-15.

Appellant's constitutional challenges to Revised Subchapter H are questions of law. "[W]hen an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law." **Commonwealth v. Boyd**, 287 A.3d 957, 959 (Pa.Super. 2022) (quoting **Commonwealth v. Morgan**, 258 A.3d 1147, 1152 (Pa.Super. 2021)). "As with all questions of law, our standard of review is *de novo* and our scope of review is plenary." **Boyd**, 287 A.3d at 959 (quoting **Commonwealth v. Lacombe**, 234 A.3d 602, 608 (Pa. 2020))

Appellant's constitutional challenges are identical to those addressed in **Torsilieri**, in which the defendant claimed his registration requirements pursuant to Revised Subchapter H of SORNA were unconstitutional as they were based on invalid presumptions that "all sexual offenders are dangerous and pose a high risk of recidivation, necessitating registration and notification procedures to protect the public from recidivist sexual offenders." **Torsilieri**, 232 A.3d at 573. The trial court agreed, finding *inter alia*, that Revised Subchapter H violated due process and the defendant's right to reputation through the utilization of an irrebuttable presumption of future dangerousness.

On appeal, the Supreme Court in **Torsilieri** recognized that "while courts are empowered to enforce constitutional rights, they should remain mindful that the wisdom of a public policy is one for the legislature, and the

General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements." *See id.* at 596. Further, the Supreme Court emphasized that "it will be a rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination." *Id.* The Supreme Court ultimately found it necessary to remand the case as the record was not sufficient to address the issue on appeal. *Id.*

In this case, we acknowledge that Appellant is raising these issues for the first time on appeal. As noted above, while Appellant filed a *pro se* motion raising a *Torsilieri* challenge before the PCRA court, this filing was not docketed but forwarded to Appellant's counsel. As counsel never filed an amended petition with a *Torsilieri* claim, the PCRA court did not have an opportunity to rule on this issue. After Appellant was appointed new counsel on collateral appeal, counsel raised this issue in his advocate's brief.

However, as Appellant's claim challenging the constitutionality of SORNA implicates the legality of his sentence, it is nonwaivable. *Commonwealth v. Thorne*, 276 A.3d 1192, 1194 (Pa. 2022) (holding that the jurisprudence establishing that challenges implicating the legality of a sentence cannot be waived "applies equally to constitutional challenges to Revised Subchapter H of SORNA").

Where a ***Torsilieri*** challenge is raised for the first time on appeal, this Court has found that remand is appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." ***Torsilieri***, 232 A.3d at 595. In ***Boyd***, this Court remanded the case for the trial court to hold an evidentiary hearing on Boyd's constitutional challenges to Revised Subchapter H as Boyd had raised these arguments for the first time on appeal, and the trial court had not yet had the opportunity to receive evidence and argument on these issues. ***Boyd***, 287 A.3d at 960.

Likewise, in this case, as Appellant has raised his ***Torsilieri*** challenges for the first time on appeal, we do not have the necessary factual record to review Appellant's claims. We also note that Appellant has not had the opportunity to offer any scientific evidence or learned testimony to support his claims.

In accordance with ***Thorne*** and ***Torsilieri***, we remand for the PCRA court to hold an evidentiary hearing on Appellant's constitutional challenges to Revised Subchapter H where Appellant will have the opportunity to supplement his argument with scientific evidence. We affirm the remainder of the PCRA court's denial of relief.

Order affirmed in part. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/12/2023</u>